UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 10-30 |
| STEPHANIE O'NEIL LANGLOIS | SECTION: "A" |

## ORDER AND REASONS

Before the Court is defendant Stephanie O'Neil Langlois' **Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** (Rec. Doc. #78). The Government has filed the **Government's Response to Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence** (Rec. Doc. #80). For reasons that follow, the Defendant's motion is DENIED.

### Statement of the Case

Stephanie O'Neil Langlois plead guilty pursuant to a plea agreement on March 16, 2010 to a one count Bill of Information charging her with forging a seal of a department or agency of the United States. Pursuant to the plea agreement, Langlois waived her rights to file an appeal or collateral challenge to her conviction. (Rec. Doc. #16). The Court sentenced Langlois to six months imprisonment. The sentence was within the guideline range and under the statutory maximum. Counsel for the defendant did not object to the sentencing. (Rec. Doc. #32 at p. 57). On October 7, 2010 Langlois filed a Notice of Appeal (Rec. Doc. #23) and the Court appointed the federal public defender's office to represent Langlois in connection with the appeal. Langlois asserted that the direct appeal waiver was unenforceable and that the Court

1

did not give her the opportunity to allocute.  The Fifth Circuit denied the appeal on the merits for reasons set forth in Case no. 10-31009 on April 8, 2011.  On April 14, 2011, Langlois filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody  (Rec. Doc. #68). The Court dismissed the motion without prejudice as premature. Defendant has now re-filed the motion pursuant to 28 U.S.C. 2255, which the Court addresses herein.

## Discussion

The defendant's Motion is based upon ineffective assistance of Counsel.  The grounds are as follows:

A. Counsel advised her to plead guilty and she would receive probation.

B. Counsel failed to provide and/or answer her repeated requests for information regarding her case.

C. Counsel did not meet with Probation regarding the Presentence Report even though the defendant notified her attorney and the probation officer that the report contained errors, causing the Presentence Report to be inaccurate.

D. Counsel asked the Defendant if she agreed to the Government's continuance of the sentencing because Counsel for the Government was going on maternity leave.  This continuance gave Counsel for the Government time to prepare the victims for the sentencing.

E. Defendant was informed by her counsel that no one would speak except for the Judge.  Although the Prosecutor informed Counsel that victims would take the stand, Mr. Calogero did not inform the defendant or prepare a cross examination of the victims or

        allow the defendant to present her own witnesses.

F.      Mr. Calogero did not bring defendant's psychiatrist to testify at the sentencing as to the extent of her mental health problems.

G.     Two of the victims contacted Counsel to advise that they did not seek restitution, however, Mr. Calogero did not request that their names be removed from the factual basis.

Although a defendant can waive her right to file a § 2255 motion, such a waiver might not apply to an ineffective assistance of counsel claim. United States v. White, 307 F.3d 336, 339 (5th Cir. 2002) (citing United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)). Further, a defendant may always avoid a waiver on the limited grounds that the waiver of appeal itself was tainted by the ineffective assistance of counsel. Id. (citing, 72 F.3d 463, 465 (5th Cir. 1995)).

Mr. Calogero's representation of the Defendant does not fall below the two prong test established in Stickland v. Washington, 466 U.S. 668 (1984). Langlois has not shown that counsel's representation was deficient and made errors so serious that counsel was not functioning, or that she was prejudiced by the deficient performance. In order to prove prejudice, the defendant must show that she "would not have plead guilty and would have insisted on going to trial." United States v. Stumpf, 827 F. 2d 1027 (5th Circuit 1987) (citing Hill v. Lockhart, 474 U.S. 52 (1985). Langlois does not assert that she would have not plead guilty and gone to trial. Langlois does not assert her innocence.

Langlois alleges that Counsel did not assist and object to the facts in the Presentence Report. However, when asked by the Court if she had any objections to the facts contained in

the Presentence Report, Ms. Langlois answered "No, sir." (Rec. Doc. #32 at p. 4).

The rearraignment transcript indicates clearly that no one promised her what her sentence would be and that she was satisfied with Mr. Calogero's representation. (Rec. Doc. #31). The Court clarified at the sentencing that no one had promised her what her sentence would be. (Rec. Doc. #32).

Counsel was not ineffective for agreeing to a continuance of the sentencing hearing while Counsel for the Government was on maternity leave. Langlois alleges that Mr. Calogero did not cross examine the victims on the stand. Langlois lists specific questions that her counsel should have asked. Langlois further asserts that her counsel failed to put on witnesses in her defense. Langlois had already plead guilty to forging a seal of an Agency of the United States Government. The sentencing hearing afforded the victims the opportunity to provide information to the Court regarding the impact of the defendant's actions on them. The Court finds that Counsel's strategic decisions in defending Langlois did not fall below the standard of reasonableness.

Further, Langlois claims that two victims did not consider themselves victims and Counsel failed to remove them from the Factual Basis. However, at the rearraignment Langlois acknowledged that she had signed the factual basis and that it contained the Government's evidence against her. She agreed that she committed the acts contained in the factual basis. (Rec. Doc. #31 at p. 18). Langlois agreed that these two victims did in fact receive grant letters using the counterfeit seal of the Office of Management and Budget.

Accordingly;

**IT IS ORDERED** that defendant Stephanie O'Neil Langlois's **Motion under 28**

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Rec. Doc. #78) should be and is hereby **DENIED**.

New Orleans, Louisiana, July 21, 2011.

_____
UNITED STATES DISTRICT JUDGE